ORIGINAL

1  Anna Y. Park, CA SBN 164242
   Cherry-Marie D. Rojas, CA SBN 141482
2  Sue J. Noh, CA SBN 192134
   U.S. EQUAL EMPLOYMENT
3  OPPORTUNITY COMMISSION
   255 East Temple Street, 4th Floor
4  Los Angeles, CA 90012
   Telephone: (213) 894-1082
5  Facsimile: (213) 894-1301

6  Attorneys for Plaintiff
   U.S. EQUAL EMPLOYMENT
7  OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CV-S-05-1203-RLH-PAL

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

        v.

TRUGREEN LANDCARE, AND DOES 1-
10 INCLUSIVE,

    Defendants.

) **COMPLAINT-CIVIL RIGHTS**
) **SEX HARASSMENT AND**
) **RETALIATION**
)
) (42 U.S.C. §§ 2000e, et seq.; )
)
) **DEMAND FOR JURY TRIAL**

## NATURE OF THE ACTION

This is a sexual harassment and retaliation action brought by the United States Equal Employment Opportunity Commission ("the Commission" or "Plaintiff"), under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to the Charging Party Debbrah Bray ("Charging Party") who was adversely affected by such practices. The Commission alleges that the Charging Party was sexually harassed or subjected to sex-based harassment during her employment with Defendant TruGreen Landcare and Doe Defendants 1-10 (named and unnamed defendants

///

collective "Defendant Employers"). The Charging Party was subjected to a hostile work environment perpetuated by Defendant Employers' supervisor.

The Commission also alleges that the Charging Party who had complained of the harassment by her supervisor was subjected to retaliation in the form of demotion, reassignment, further harassment, denial of promotion and discipline.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§706(f)(1) and (3) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. §§1981A.

2. The employment practices alleged herein to be unlawful were committed within the jurisdiction of the United States District Court for the State of Nevada.

3. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with Title VII through informal methods of conciliation, conference and persuasion within the meaning of §§706(f)(1) and (3) of Title VII, 42 U.S. C., §§2000e-5(f)(1) and (3). All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

4. Plaintiff Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action under §§706(f)(1) and (3) of Title VII, 42 U.S.C., §§ 2000e-5(f)(1) and (3).

5. At all relevant times, "Defendant Employers," have continuously been and are now doing business in the State of Nevada, and City of Las Vegas, Nevada. At all relevant times, Defendant Employers have continuously employed fifteen (15) or more persons.

6. Plaintiff is ignorant of the true names and capacities of "Defendant Employers," sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said "Defendant Employers" by such fictitious names. Plaintiff reserves the right to amend the complaint to name the DOE "Defendant Employers" individually or collectively as they become known.

-2-

Plaintiff alleges that each of the "Defendant Employers" named as DOES was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when same has been ascertained by Plaintiff.

7. All of the acts and failures to act alleged herein were duly performed by and attributable to "Defendant Employers", each acting as a successor, agent, employee or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each "Defendant Employers" participated in, approved and/or ratified the unlawful acts and omissions by other "Defendant Employers" complained of herein. Whenever and wherever reference to any act in this Complaint to any act by a defendant employer or "Defendant Employers," such allegations and reference shall also be deemed to mean the acts and failures to act of each "Defendant Employer" acting individually, jointly and/or severally.

8. At all relevant times, "Defendant Employers" have continuously been employers engaged in an industry affecting commerce within the meaning of §§ 701 (b), (g) and (h) of Title VII, 42 U.S.C., §§ 2000e-1(b), (g) and (h).

## STATEMENT OF CLAIMS

9. Since in or about May 1, 2000, "Defendant Employers" have engaged in unlawful employment practices at its facility in Las Vegas, Nevada in violation of §§706(f)(1) and (3) of Title VII, 42 U.S. C., §§2000e-5(f)(1) and (3). The unlawful sexual harassment and sex based harassment in the form of verbal harassment directed at the Charging Party impacted the terms and conditions of her employment and created a hostile working environment at "Defendant Employers." The Charging Party was also subject to retaliation for having complained about the hostile work environment and suffered adverse employment actions. The Charging Party was denied a promotion, reassigned to a less desirable position and a demotion.

10. The impact of the aforementioned conduct deprived the Charging Party of equal employment opportunities and otherwise adversely impacted her employment status because of her sex and in retaliation for opposing discriminatory practices or engaging in a protected activity that resulted in adverse employment action.

-3-

1  11. The unlawful employment practices complained of above were and are willful within the meaning of §§706(f)(1) and (3) of Title VII, 42 U.S. C., §§2000e-5(f)(1) and (3).

12. The unlawful employment practices complained of above were intentional and caused the Charging Party to suffer emotional distress.

13. "Defendant Employers" have acted with malice or reckless indifference to the federally protected rights of the Charging Party by subjecting her to harassment consisting of derogatory statements, and obscene and vulgar language. When Charging Party complained to "Defendant Employers" about the harassment she was being subjected to, her complaints were either ignored or she was subjected to further harassment. The Charging Party was also subject to retaliation for opposing discrimination or engaging in a protected activity resulting in an adverse employment action that harmed her.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining "Defendant Employers," its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practices that discriminate on the basis of sex or from engaging in unlawful retaliation;

B. Grant a permanent injunction enjoining "Defendant Employers," their officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex;

C. Order "Defendant Employers" to institute and carry out policies, practices and programs which provide equal employment opportunities for females which eradicate the effects of their past and present unlawful employment practices;

D. Grant a judgment requiring "Defendant Employers" to pay the Charging Party appropriate back pay, front pay, compensatory damages and benefits in an amount to be determined at trial including prejudgment interest;

E. Order "Defendant Employers" to make the Charging Party whole by providing affirmative relief necessary to eradicate the effects of its unlawful practices including, but not

limited to, payment of compensatory damages to Charging Party;

  F. Order "Defendant Employers" to pay Charging Party punitive damages in an amount to be determined at trial;

  G. Award the Commission its costs in this action; and

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

## **JURY DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted By:

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

James Lee
Deputy General Counsel

Gwendolyn Reams
Associate General Counsel

Dated: September 29, 2005  By: _____
Anna Y. Park, Regional Attorney
Cherry-Marie D. Rojas, Supervisory Trial Attorney
Sue J. Noh, Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION